UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ABDULRAHMAN ABDULAZIZ BINHOZAIM, A# 207 597 662,** | § § § | |
| **Petitioner,** | § § § | |
| v. | § § | |
| **ANDREW HURON,** Officer–In–Charge, South Texas ICE Processing Center; **JOSE M. CORREA SR.**, San Antonio Field Office Director, United States Immigration and Customs Enforcement, Office of Enforcement and Removal Operations, Department of Homeland Security; **MATTHEW T. ALBENCE**, Acting Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations; **THOMAS S. WIMKOWSKI**, Assistant Secretary, Immigration and Customs Enforcement, Department of Homeland Security; **CHAD WOLF**, Acting Secretary, United States Department of Homeland Security; and **RAY CASTRO**, Warden, South Texas ICE Processing Center,[1] | § § § § § § § § § § § § § § § § § § § § § § | SA-20-CV-01137-XR |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Before the Court are Petitioner Abdulrahman Abdulaziz Binhozaim's ("Binhozaim")

28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' Response and Motion for

Summary Judgment. (ECF Nos. 1, 10). After review, the Court orders Binhozaim's section 2241

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of an official's successor for an official sued in his official capacity. FED. R. CIV. P. 25(d). Since the filing of the Petition, Jose M. Correa Sr. has replaced Daniel Bible as the San Antonio Field Operations Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations. Accordingly, the Clerk of Court is directed to change the style of the case to substitute Mr. Correa for Mr. Bible as set out in the style of this Order.

Petition and Respondents' Response and Motion for Summary Judgment **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 1, 10).

## BACKGROUND

Binhozaim, a citizen of Saudi Arabia, entered the United States in 2012. (ECF No. 1). He was ordered removed *in abstentia* on August 8, 2018. (ECF Nos. 1, 10, Exh. 1). He was arrested and taken into the custody of Immigration and Customs Enforcement ("ICE") on January 10, 2020. (ECF No. 1, 10, Exh. 1). In June 2020, Binhozaim was transferred to the Bexar County Adult Detention Center because he had been charged with assault bodily injury–married. (ECF No. 10, Exh. 1); *see* https://search.bexar.org/Case/CaseSummary?r=fb8776bf-7e4a-4910-86d9-6410a554db29&st=l&l=Binhozaim&fn=Abdulrahman&m=&= (last visited Dec. 10, 2020). After the criminal charge was dismissed in September 2020, Binhozaim was returned to ICE custody. (ECF No. 10, Exh. 1); *see* https://search.bexar.org/Case/CaseSummary?r=fb8776bf-7e4a-4910-86d9-6410a554db29&st=l&l=Binhozaim&fn=Abdulrahman&m=&=. In October 2020, the Saudi Arabian Consulate issued Binhozaim's travel documents. (ECF No. 10, Exh. 1). Binhozaim filed an Application for a Stay of Deportation or Removal, which was denied on October 18, 2020. (*Id.*). Binhozaim was scheduled to be removed to Saudi Arabia via commercial flight on November 5, 2020, but due to COVID 19 concerns his removal was delayed. (*Id.*). Following a fourteen–day quarantine, Binhozaim was removed from the United States to Saudi Arabia on December 3, 2020. (ECF No. 15, Exh. 1).

## ANALYSIS

Prior to his removal, Binhozaim filed this section 2241 Petition challenging his continued detention as violating the presumptively reasonable post–order removal period of six months established in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). (ECF No. 1). Because Binhozaim has been removed, the Court finds his Petition and Respondents' Response and Motion for Summary Judgment are moot. (ECF Nos. 1, 10).

### *Applicable Law*

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id*. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

### *Application*

In his Petition, Binhozaim requested the following relief: (1) a declaration that his *continued detention* is unauthorized or violative of the Fifth Amendment; and (2) release from detention. (ECF No. 1) (emphasis added). As set out above, Binhozaim is no longer detained by ICE and has been removed to his home country. (ECF No. 15, Exh. 1). A search of the ICE online locator system confirms that Binhozaim is no longer in the custody of ICE. *See* https://locator.ice.gov/odls/#/results (last visited Dec. 10, 2020). The locator system returned

"zero (0) matching records" in response to a search using both Binhozaim's "A–Number" and country of origin and his name and country of origin. *Id.* Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See Spencer*, 523 U.S. at 7. Accordingly, Binhozaim's claim for relief is moot and his Petition is subject to dismissal, as is Respondents' Response and Motion for Summary Judgment. *See id.*

**IT IS THEREFORE ORDERED** that Petitioner Abdulrahman Abdulaziz Binhozaim's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Respondents' Response and Motion for Summary Judgment Motion to Dismiss (ECF No. 10) are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 10th day of December, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE